# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-11072
Summary Calendar

CARLOS TIJERINA

Plaintiff-Appellant

v.

DETECTIVE ERIC HARRIS, Individual and Official Capacity

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-106

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlos Tijerina, Texas prisoner # 1349165, moves this court for authorization to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Tijerina's motion to proceed IFP on appeal is construed as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tijerina argues that his rights were violated when Eric Harris arrested him. He further contends that his rights were violated in connection with his criminal prosecution, appeal, and state postconviction proceedings. Tijerina moves this court to consolidate this appeal with others that he has pending. Tijerina does not analyze, and has thus abandoned, the issue whether the district court erred by determining that the instant suit was not timely filed and by dismissing it on that basis. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Tijerina has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his motion to proceed IFP is DENIED. *See Baugh*, 117 F.3d at 202. Tijerina's motion to consolidate is likewise DENIED. His appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Tijerina's suit as frivolous and the dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Tijerina is WARNED that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).